UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

David Bunn, et al.,           :
     Plaintiffs,              :
                              :
v.                            :     Case No. 3:06cv420 (JBA)
                              :
Chief Kevin Gleason, et al., :
     Defendants.              :

RULING ON PLAINTIFFS' MOTION TO TRANSFER VENUE [DOC. # 12]

I.   Introduction

This is a 42 U.S.C. § 1983 action brought by plaintiffs – parents David and Judith Bunn and their children and other family members – against defendants, all members of the Holland Massachusetts Police Department and/or the East Hampden Task Force in Palmer Massachusetts, including several "John Doe" defendants, alleging unlawful search and seizure, false arrest, excessive force, violation of plaintiffs' First Amendment and substantive due process rights, and intentional infliction of emotional distress, arising out of the procurement of a warrant to search plaintiffs' residence, the search of that residence, and the arrest of some of plaintiffs on March 27, 2003, as well as alleged subsequent harassment of plaintiffs by defendants as late as January 2006.  See Compl. [Doc. # 1].

In anticipation of a motion to dismiss on personal jurisdiction and venue grounds, plaintiffs moved to transfer this case to the District of Massachusetts without conceding

1

defendants' jurisdictional arguments but "in the interest of judicial economy," presumably elimination of the need for judicial resource consumption related to resolving the personal jurisdiction issue.  Mot. to Transfer [Doc. # 12].  Plaintiffs claim that "[i]t is not for lack of diligence that [they] do not know the identities of the John Doe defendants or where they reside," although the original complaint alleges Massachusetts as the residence for all defendants, and assert that such defendants may live in Connecticut because Holland, Massachusetts, where defendants were employed, is located only a few miles from the Connecticut border.  See Pl. Reply Br. Mot. to Transfer [Doc. # 17] at 3.  Plaintiffs argue that this case should be transferred to Massachusetts in the interests of justice, because if this action were dismissed and plaintiffs were required to re-file in Massachusetts, they may face statute of limitations issues if tolling is not available to them.  Defendants contend that venue is not appropriate in this District, that there is no personal jurisdiction over defendants here, and that the action should be dismissed, not transferred, because plaintiffs did not exercise reasonable diligence in filing this action and have been on notice of the jurisdictional and venue defects at issue at least since April 2006 and "should not be rewarded for their lack of diligence."  Def. Opp. [Doc. # 14].

## II.  Discussion

28 U.S.C. § 1391(b) provides:  "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  Here, although plaintiffs seek to amend their complaint (which contained no venue statement), see Mot. to Amend [Doc. # 15], to allege that the John Doe defendants live either in Massachusetts or in Connecticut, the proposed Amended Complaint [Doc. # 16] alleges that the named defendants were residents of Massachusetts, and thus subsection (1) of § 1391(b) cannot be satisfied even if the proposed amendment were permitted, because even if some defendants reside in Connecticut, "all" do not.  Additionally, as plaintiffs appear to concede, a "substantial part of the events or omissions giving rise to the claim[s]" occurred in Massachusetts, suggesting that Massachusetts is the appropriate venue for the action pursuant to subsection (2) and thus rendering subsection (3) inapplicable.  Therefore, even on the

3

face of plaintiffs' proposed Amended Complaint and
notwithstanding the outcome of any personal jurisdiction
analysis, venue is not appropriate in Connecticut.

Considering plaintiffs' Motion to Transfer, defendants
contend that transfer should not be granted because plaintiffs
did not exercise due diligence in filing their action initially
and they argue that plaintiffs have been on notice of the
jurisdictional and venue defects since at least April 2006.
Plaintiffs dispute defendants' characterization of their efforts
in filing this action.

28 U.S.C. § 1406(a) provides: "The district court of a
district in which is filed a case laying venue in the wrong
division or district shall dismiss, or if it be in the interest
of justice, transfer such case to any district or division in
which it could have been brought."  "Whether dismissal or
transfer is appropriate lies within the sound discretion of the
district court."  Minnette v. Time Warner, 997 F.2d 1023, 1026
(2d Cir. 1993).  The Supreme Court has counseled that "[n]othing
in that language indicates that the operation of the section was
intended to be limited to actions in which the transferring court
has personal jurisdiction over the defendants."[1]  Goldlawr, Inc.

_____

[1] As defendants appear to concede, personal jurisdiction
seems to exist in Massachusetts, as at least some of the
defendants live there and all worked there at the time of the
events giving rise to plaintiffs' claims and thus they could be
expected to be haled into court there.

4

v. Heiman, 369 U.S. 463, 465 (1962); accord Sutton v. Rehtmeyer
Design Co., 114 F. Supp. 2d 46, 49 (D. Conn. 2000).  However,
transfer should not be granted where such "would reward
plaintiffs for their lack of diligence in choosing a proper forum
and thus would not be in the interest of justice."  Spar, Inc. v.
Information Resources, Inc., 956 F.2d 392, 394-95 (2d Cir. 1992)
(affirming dismissal of action where plaintiff sought transfer of
a time-barred action to another jurisdiction with a longer
statute of limitations to permit adjudication of the suit on its
merits, finding that "a statute of limitations is far from an
elusive fact unknown to a reasonable plaintiff [and] [t]he facts
and circumstances underlying [plaintiff's] claim were plainly
evident within New York's prescribed time frame"); accord In re
Ski Train Fire in Kaprun, Austria on Nov. 11, 2000, 224 F.R.D.
543, 548 (S.D.N.Y. 2004) ("Although the transfer statutes are
meant to serve plaintiffs who make erroneous guesses with regard
to proper venue and to allow plaintiffs in certain cases to
overcome statute of limitations bars in the transferee district,
. . . they do not extend to protect plaintiffs whose own failure
to pursue their claims diligently has resulted in a procedural
bar.") (internal quotations omitted).

    These concerns about lack of diligence and, in some cases,
post-filing forum shopping, should be weighed against
considerations of prejudice to a plaintiff where the statute of

limitations in the potential transferee venue may have run.  See,
e.g. Open Solutions Imaging Sys., Inc. v. Horn, 03cv2077 (JBA),
2004 WL 1683158, at *7 (D. Conn. July 27, 2004) ("It is not
surprising that in most cases of improper venue the courts
conclude that it is in the interest of justice to transfer to a
proper forum rather than to dismiss.  The reasons for doing this
are especially compelling if the statute of limitations has run,
so that dismissal would prevent a new suit by plaintiff, or if
defendant has misled plaintiff on the facts about venue, but
these are far from being the only reasons for transfer rather
than dismissal and it is enough simply that the court thinks
transfer is in the interest of justice . . . The usual procedure
should be transfer rather than dismissal.") (citing 15 Fed.
Practice & Procedure § 3827).

    Here, although the requirements of the venue statute and
personal jurisdiction are not "elusive," the identities of the
John Doe defendants, and thus their residences, were unknown (and
remain unknown) to the plaintiffs, who were first advised that
defendants intended to challenge personal jurisdiction and venue
in late April, after the three-year statute of limitations had
expired.  The cases cited by defendants in which motions to
transfer were denied are distinguishable in that either more time
elapsed between the filing of the action in an improper venue and
the request to transfer or the mistake of filing the case in a

court without personal jurisdiction was obvious and could have

been avoided through the exercise of reasonable diligence.[2]

Here, plaintiffs claim that despite diligence, including numerous

------

[2] See Spar, Inc. v. Information Resources, Inc., 956 F.2d
392 (2d Cir. 1992) (complaint filed in state court, defendant
removed one month later and filed motion to dismiss, in response
to which plaintiff sought transfer despite proper venue in New
York because plaintiff sought to take advantage of Illinois'
longer statute of limitations); Daros v. Tokoyo, 05cv775 (DLI)
(VVP), 2005 WL 1229734 (E.D.N.Y. May 23, 2005) (transfer denied
where there was a "complete lack of even a colorable basis for
personal jurisdiction over the defendant in New York or proper
venue in this District"); World Skating Fed'n v. Int'l Skating
Union, 357 F. Supp. 2d 661 (S.D.N.Y. 2005) (transfer denied where
case was filed in 2003, plaintiff did not move to transfer until
responding to defendants' motion to dismiss mid-2004, and where
the Court found that "[p]laintiff seem[ed] to have been aware of
the doubtful justification for jurisdiction in New York since the
onset of this action, and ha[d] repeatedly raised the prospect of
simply transferring this action elsewhere in order to cure these
deficiencies"); In re Ski Train Fire in Kaprun, Austria, on Nov.
11, 2000, 224 F.R.D. 543 (S.D.N.Y. 2004) (action consolidated in
November 2001, motion to transfer made more than a year after
court granted one defendant's motion to dismiss for lack of
personal jurisdiction in New York); Nichols v. G.D. Searle & Co.,
991 F.2d 1195, 1202 (4th Cir. 1993) (affirming denial of motion
to transfer where "[t]here [wa]s no question that plaintiffs'
attorneys . . . could have reasonably foreseen when they brought
their claims that the Maryland district court lacked personal
jurisdiction over their actions; indeed, [a previous Seventh
Circuit decision] made it very obvious"); Deleski v. Raymark
Industries, Inc., 819 F.2d 377, 381 (3d Cir. 1987) (affirming
denial of transfer to another venue with a more favorable statute
of limitations provision, noting "[i]t is not in the 'interest of
justice' to transfer this case to the District of New Jersey upon
[plaintiff's] tardy discovery that her complaint is time-barred
[in Pennsylvania]"); Cote v. Wadel, 796 F.2d 981, 985 (7th Cir.
1986) (affirming denial of motion for transfer, finding
"[e]lementary prudence would have indicated to [plaintiff's]
lawyer that he must file a protective suit in Michigan because
there was only a slight probability of obtaining personal
jurisdiction in Wisconsin over defendants. . . . The proper
penalty for obvious mistakes that impose costs on opposing
parties and on the judicial system is a heavy one").

discovery requests during the underlying criminal case, plaintiffs "are very much in the dark about the identities of the fifteen officers that were present during the search and seizure and arrest of the Plaintiffs and the Plaintiffs' property."  Pl. Reply Br. at 3.  Moreover, because only six months elapsed since plaintiffs were first advised that defendants intended to contest personal jurisdiction and venue, and less than eight months since the filing of the action initially, and because the impact on defendants of transfer to Massachusetts is not negative, any prejudice suffered by defendants in transferring this case rather than dismissing it will be insignificant, particularly when compared with the prejudice that would be suffered by plaintiffs were their action dismissed and they were time-barred from filing their claims in the proper forum.  See Open Solutions Imaging Sys., 2004 WL 1683158, at *7, supra.

## III. Conclusion

For the foregoing reasons, plaintiffs' Motion to Transfer Venue [Doc. # 12] is GRANTED.  The Clerk is directed to transfer this case to the District of Massachusetts.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 28th day of November, 2006.**

8